be submitted today on oral argument and beginning with United States v. Sansbury. Ms. Jacobson. Good morning and may it please the court. My name is Hayden Jacobson at the Federal Public Defender's Office and I represent Richard Sansbury. During this robbery, Mr. Sansbury zip-tied a CVS cashier's hands together, confined that cashier in the store's restroom, and left him there. That act was a restraint, not an abduction, under the plain meaning of those terms and under the definitions in the sentencing guidelines. And contrary to the government's argument... I agree with you in terms of plain meaning and ordinary meaning of the phrase or abduction, but our case law gives you some pause, I'm sure. It gives us some pause anyway. I understand that, but I think actually this court's case law supports the finding that there's not abduction here for a couple of reasons. So first is the fact that here there is not... So there are three factors in when this court is looking at whether there is an abduction. There's the question of a different location, the question of whether there is forced accompaniment, and then the question of whether that accompaniment facilitated the offense. And here, the accompaniment wrong and the facilitation wrong are both missing, but in this court's cases, both of those are present. So with facilitation, or excuse me, with forced accompaniment, what we see in those cases is the precedent applying and affirming the abduction enhancement involves a situation where a defendant brought the victim to a robbery. So for example, in this court's case in the United States versus Smith, the defendants brought the bank employees to the vault and remained with them there while the defendants took money from the vault. But that's what's absent here. Here, Mr. Sandsbury took the cashier to the restroom, but then left him there and continued on with the robbery. And that, based on this court's case law, is not within the meaning of accompaniment. And so we can see that from this court's case in the United States versus Redmond, which is the closest case. Why does leaving them there affect the accompaniment to get there? So it matters for a couple of reasons. So even though the word accompany, in theory, can encompass that meaning of walking with someone somewhere or escorting someone somewhere, the Supreme Court has said the fact that a definition is broad enough to encompass one meaning of a word does not establish that the word is ordinarily used in that sense, and nor does it establish that it's used in that sense in context. And the context here is defining the word abduction. So there's a couple of reasons why the meaning of accompany here is not that sense of escorting, but is that sense of going with someone somewhere as a companion. And the plain meaning of accompany can fit that meaning, because the Oxford English Dictionary and Merriam-Webster define accompany as to go with as a companion. And if I said, for example, that tonight I'm accompanying my friend to a party, an ordinary person would understand that to mean that I'm going to the party and remaining there with them, not that I'm dropping my friend off at the party, and not that I'm merely escorting. I'm not sure if accompanying in the social sense and in the criminal law, robbery sense, that's completely overlapping meanings. Being accompanied to a party and led to an unafforded gun to another place is the element to me that's present in that situation is the coercion. It's the exacting and the use of that force power. That's the criminal element of it. Absolutely. And that is the force element, right? So in every case, there's going to be some amount of force. But the question here is what is the correct meaning of accompany in this context? And in this context, where we're defining the word abduction. Counsel, to use your example, though, if you accompany someone to a party, there may be a time while you're at the party where you're the veranda trying to meet new people while the person you accompanied is inside enjoying the punch or something. So it's not like you're together the whole time. In this case, they're in the same physical structure. But under your example, the person would have to stay in the bathroom, the restroom with the person who's been cuffed or detained. That's your argument, isn't it? So I think it's true that here for there to be an accompaniment, Mr. Sansberry would have had to stay in the restroom. But I think that's consistent with this court's cases where the abduction enhancement has been applied. It's always been the case that the defendant has remained in the very same room with the victim. And it's the fact of going to that room with the victim and remaining there that is what makes it an abduction under this court's case law. And that's consistent with the ordinary meaning of abduction as a kidnapping. And it's also consistent with the purpose of the abduction. Is there a case that says that that isn't an physical presence of each other within the four walls of whatever room they're in? There's not a case that says it explicitly because there's very few cases from this court analyzing the meaning of accompaniment. In fact, the only case really points, which is United States v. Redmond, points the other way. But if you just look at the facts in the cases that this court has affirmed the abduction enhancement, that is what you see. You do not see a single case from this court where the defendant dropped someone off in a room, left, and continued on with the robbery. That's not what we see in this court's cases. And again, that's consistent with the purpose of the abduction enhancement, which many courts have noted is, at least in part, the reason for applying these enhanced penalties to the abduction, which are the act of abduction, is because of the inherent danger of a defendant being alone with the victim. But here, and in other cases where the defendant merely walks a short distance with the victim and then leaves them in a room, that inherent danger isn't present. So again, makes sense to interpret the word accompany in the meaning of going somewhere and remaining with the victim, and not as merely escorting them or dropping them off. Suppose the abduction is of a young woman and the object is rape. And so if that occurs and she's abandoned on a highway, is that an abduction? So I think that certainly could be an abduction for a couple of reasons that are distinguishable from our case. First of all, that in that case, certainly the defendant remained with the victim in that other location for at least some significant period of time, enough time to commit the crime. And in addition, the difference between that case or that situation you just described in our case is this third prong of the- Suppose in that same back situation, the abduction takes place and the defendant goes to a roadside park and he's surprised by the people and he flees. So I think I have a couple of points to make to that question, which is, first of all, I mean, there's some element of the defendant remaining either in a car with the victim to get there, but also- He's still there. He just takes her and then, what his plans are, he'll rob him. So I think- He takes her off. Sure. So I think that could possibly be an abduction. Certainly it's more of an abduction in the plain meaning sense of that word. But I don't think this court needs to reach that question to reverse the enhancement here, because what happened here is so much more clearly restraint and so much more analogous to this court's restraint cases than it is to any of the abduction cases. So this court does not need to make any bright-line rules about the meaning of accompaniment to find that here it wasn't satisfied. And we know that because in this court's case of United States v. Garcia, which we submitted as a 28-J letter, this court held- or this court explained, excuse me, that this court and others have held that physical restraint enhancements are appropriate in cases where defendants force their victims to move into confined spaces and instruct the victims not to leave. And the court there cited an unpublished case from this court, United States v. Frank, where the restraint enhancement was upheld, where the defendants escorted a security guard and several casino employees to the casino manager's office at gunpoint and instructed them not to leave. So Garcia and confined space in that same building is a restraint. And so applying that abduction enhancement to the very same conduct would blur the distinction between restraint and abduction, which is contrary to the structure of the guidelines which impose these increasing penalties for increasingly dangerous conduct. And there's a need to maintain a distinction between those enhancements. And the prior explained that they were reversing or holding that the application of the abduction enhancement was error, in part because the 11th Circuit had previously upheld the restraint enhancement on very similar facts to the facts in Watley. And so there, Judge Pryor said that to interpret the abduction enhancement to apply to conduct that had previously been deemed restraint would blur the distinction between physical restraint and abduction, and that would frustrate the purpose of the guideline structure. And so this court's precedent, which has primarily focused on that different location prong, does not dictate that the abduction enhancement here be affirmed. And the government argues that the fact that there was forced movement here dictates that, forced movement from one room to another, dictates that the enhancement here be affirmed, but that's not true. This court has never said that that is enough. It has said that that is a necessary prong, but it is not by itself sufficient. There has to be accompaniment within the meaning of the guidelines as determined by the text and the context of the guidelines, and there has to be facilitation. Suppose I'm walking in the French Quarter, and a young man walks behind me, and I feel the presence of what I think is a gun in my back, and he said, listen to me, or you die. And I said, I'm listening. And he said, walk me to the valley, and this is my wallet, that's my watch, et cetera, et cetera, and he turns and runs. But is that an abduction? So I think even under this court's case law, that would not be an abduction. Why? Based on the fact that, if I understood the hypothetical correctly, that your honor would not have been moved to a different location. Well, yes, he wants to get me off to a side alley where it's more evident that a robbery is undergoing. So I think, again, I don't know that the court needs to reach that question, because it's not very similar to the facts here, and the facts here are much more similar to a restraint, and to this court's cases on restraint. A robbery, and in order to effectuate the robbery, I'd use a means of taking control of the individual and taking him to a different place. So I think, for another reason that that might not fit in the meaning of abduction, or within the meaning of the abduction enhancement, for the same reason as here, is because there, it may or may not be the case, it would depend, of course, on the specific facts, and all of the context as well, that what needs to, there needs to be as well, facilitation of the offense by the abduction. And so here, that's what we lack, because even if the defendant walking next to the victim on the way to the restroom is accompaniment within the meaning that's appropriate under the guidelines, that accompaniment itself did not facilitate the offense. The district court found that what facilitated the offense, or the facilitation here, was preventing the cashier from thwarting the robbery, or preventing the defendant's escape. But that finding shows that what facilitated the offense here was restraint. It was not the fact that Mr. Sandsbury walked next to the cashier. Are we trying to locate a distinct offense from robbery? Are we trying to deal with a robbery that it says is enhanced because of particular means of it that are attended by greater risk? Which, I'm trying to get to the core of what the meaning of abduction is in these guidelines. So I think the core of the meaning of abduction is that the defendant goes somewhere, goes to another location with the victim, and that fact of the defendant going with the victim, them being together, facilitates the offense. And that's what we lack here. The going with the victim, the fact that Mr. Sandsbury walked next to the victim, rather than pointing a gun and ordering the victim into the restroom, which is what happened in United States versus Redmond, where this court said the abduction enhancement was not appropriate. The only difference between those cases is the fact that Mr. Sandsbury walked next to the victim. And that fact in and of itself did not facilitate the offense in any way. And again, these readings of both facilitation and accompany are consistent with the guideline structure because they maintain that distinction between restraint and abduction. If merely moving alongside the victim in order to restrain them, in order to lock them up, which is in the definition of restraint in the guidelines, if that were enough to transform something from a restraint into an abduction, then it would sweep far too many cases that are in the heartland of restraint that squarely fit within the definition of restraint in the guidelines into the abduction enhancement. So accompany has to mean something more. And the facilitation part has to be something more than just the fact that Mr. Sandsbury walked next to the cashier on the way to the restroom. That's the only way to keep this and as well as with the cases on the physical restraint enhancement. Because without that, we have a completely blurred distinction between the two, which frustrates the purpose and structure of the guidelines and will sweep far too many cases into the abduction enhancement. I reserve time for rebuttal. Yes, you say time for rebuttal. Thank you, Mr. Jacobson. Judge Smith, may I proceed? May it please the court. Your Honors, Richard Sandsbury walked into a CVS store with a co-defendant. They were both armed. He went to the cashier area, grabbed the cashier, forcefully walked the cashier to another location in the store, to the bathroom. When he got into the bathroom, he zip-tied the cashier's hands, left there, and then went to another area. By any interpretation, this is forced accompaniment from one location to another, and this court has consistently affirmed the abduction enhancements and similar facts. It should do so again here. What if it had not been to a separate room, but just to another part of the open retail area of the store, otherwise facts identical? I think it's case-specific, of course, but I think movement within the room could still be the case. This court has never said there is a small amount, a minimal amount of distance that must be passed, and it has rejected the claims that it has to be outside the store, actually to another room. In fact, as this court has certainly pointed out, it doesn't even need to cross a threshold, and pointed out several times that those limit lines make no sense. The robber comes into the store, and the cashier is at the grocery store, and so he's blocking. He's over blocking in front of you, and the guy walks with a gun and says, this is a stick-up, and he walks him down to the cashier. Where are we there? Basically, the idea is he's blocking the register and moves him just a few feet away. But he's doing something else, and he's got to get him back to the cashier to get the money out. I think in that case, certainly it could, and I think there's holdings that could. If that movement is forced to a certain part, you actually go with him, not direct him, and then it has the facilitation problem, I think it could. Now, again, while I acknowledge... At some point, we were really just enlarging the robbery. That's understandable. What happens if it's a course of robbery? Really, you're asking the question, is this a distinct threat, distinct from robbery such that it ought to be accompanied by the years before? I agree, Your Honor, and I think that's the point of the enhancement. Not every robbery will involve a restraint. Not every robbery will involve an abduction. Certainly, some type of force will control, but when you take that extra effort of actually forcefully taking someone from one place to another, it changes things. Counsel talked about the need for abduction. The abduction enhancement is supposed to talk about the brings that possibility. Certainly, taking someone and moving them and accompanying them runs the risk of more volatility. It runs the risk of a physical confrontation that is not there if you just zip tie someone's hands and drop them to the floor. When you are walking with someone, there are other things that's going on. It's also, if you're taking that one person away, as in the case here, separate from the other employees in the store, separating them, it's making the possibility that something could happen more likely because there are less witnesses to see anything. It's separating people from stopping the robbery or stopping how the things go in place. That danger is there, even with slight movement, even with a few feet. But it is contrary, isn't it, to the ordinary meaning of the word abduct? In other words, if I were to pick up the morning newspaper and read that a robber walked into a bank and abducted the cashier, I would think ordinarily that that would mean taking that cashier to some completely different place, not just moving him or her a few feet away. That's just the way we mean that. It can mean to kidnap from one physical building to another. But I don't think that's the only thing. I think if you look in the Oxford Dictionary, of course, which is just one form of statutory construction, you will see to steal or lead away the one-eyed person and have the semicolon into kidnap. So I think that's there. But statutory construction is not just the normal version of it. It's not just a definition. I think you look at it in the light of how the Sentencing Commission put it together. And I'm not talking about just the commentary, although I'll point out that no one has challenged the commentary definition here. But you take a look at it with the... Sorry, Chuck. I was focused for a minute on the step-up in sentencing that we're talking about. You have a robbery, and then what was the kick-up in years when you now say, infinite adoption? I can get the stakes of it. I'll make absolute clarity with which we ought to be able to speak. I understand. And the Defense Council, of course, is suggesting that the two-point enhancement level applied instead of the four points. So the guideline became 121 to 151. I don't have the guideline book with me, but I think a two-level difference would have probably brought the guideline range to 87 to 106. I'm not going to be perfect on that. I'm just going with my memory that that's the grid. But it's a two-level difference below the 121 to 151 level. So it would end up in a level 30 as opposed to a 32, I believe. So we are talking about at least, I think, probably a three to four year easily. And if I'm wrong, I'll gladly correct that. I'm sure you will. Yeah. And I'm not trying to give you false information on that. But it is a difference in time. And it's supposed to do that, to deal with it, as the Sentencing Commission was put that together. And that adds judgment to the Sentencing Commission's use of the word abduction. This guideline is promulgated to address certain statutes, one of them being the robbery statute. And the robbery statute talks about forced accompaniment of persons. And the Whitfield court said there's no requirement that forced accompaniment in the bank robbery statute be outside of a room or that it can encompass movement with one another. I agree with you that generally the case law is favorable to the government's position here. But I'm also trying to point out that it doesn't really meet the ordinary plain meaning. I think you've more or less acknowledged that, but you're certainly entitled to rely on the case law. That's the way we decide cases. And very well aware, certainly, that could be an argument for another day at another time. And I'm very well aware of some of the arguments where we are with a lot of it. And as you point out, as the whole bench points out, the precedent is what it is. And the case that defense counsel refers to a lot, the Redmond case, is not precedent that controls this court. That isn't a forced accompaniment case. That's a forced directive case. In Redmond, the defendant did not take someone with them a few feet. The defendant stayed and ordered someone, go by yourself into the room and count 100. So the danger we associate with that accompaniment is not present in Redmond, and that's why Redmond doesn't count. But the other concern that defense counsel brought up with, if we allow this to be an abduction, it would blur the enhancement and the distinction between the physical restraint enhancement and the abduction enhancement. That's not a concern that this case presents. In fact, this case presents the opposite. This case presents clear examples of both enhancements. You have two victims in this case. One is the pharmacist for which the abduction enhancement was not applied. The pharmacist, the co-defendant went to the pharmacist right where he was in the pharmacy area, put him down on the ground right there and zip tied. There's no movement to another location. Perfect example of the physical restraint enhancement. The cashier, however, was taken from the cashier area to another location with forced accompaniment. So unlike the concern of blurring the distinction and unlike the concern of what the Sixth Circuit had in the Hill case, there's no danger in here about the blur between the two enhancements. This case gives two precise examples of how they're different. Ms. Jacobson also points to, she says, the facilitation prong is missing. I'm sure you'd be glad to address that. Sure. Well, the facilitation prong on its own, I would say, one, you're taking someone into another room. That takes them away from being a witness to crime. It takes them away from interfering in the crime. It takes them away from the ability to have them call the police to help her escape. This court has talked about facilitation making it easier or aiding in the commission. The normal definition of facilitate is to make it easier. Certainly getting someone else out the way and zip tying their hands so they can't come back, they can't communicate, they can't call someone else, helps that robbery take place and it helps the escape take place. So I think there's facilitation here. The other thing is defense counsel was arguing for the two-point physical restraint advancement. The physical restraint advancement encompasses the same facilitation offense. It's not just enough to restrain someone. You have to restrain someone to facilitate the escape or the offense as well. So by arguing that, it would seem they're at least tacitly conceding the facilitation offense. But I think outside of that, I think the evidence is there anyway for it. It can't be the same because there's a difference in sentencing. I'm sorry, Jim? It can't be exactly the same because of the difference in sentencing. They are arguing the lesser of the two sentences. Oh, absolutely. What's different? Again, by that circumstance, they're confessing that the other one applies as well. In other words, they're arguing for the lesser sentence, of course. They are, but what is different is not the facilitation because the facilitation problem goes to both of those enhancements. What is different is either it's just physical restraint or there's forced accompaniment, but both of them require facilitation offense. So there is a difference, but the difference is on that first part of the event. And to make it clear, not every physical restraint case will result in an abduction, but just because someone is physically restrained does not mean they cannot be abducted as well. And that's what you have here. There is a clear difference. In this case, this court just simply needs to follow the precedent that it has since Hawkins on a long time. This is not a new line of precedent in the case, and the court is not having to break any new law. Since Hawkins, the court has interpreted it this way. Buck, it repeatedly construed the enhancement as applicable when a victim is moved from one part of a building to another. The Johnson case goes through a very long and very thorough discussion of several other cases of precedent holdings, both within this circuit and others. And within the Johnson case, I refer the court to the discussions on Garcia, Jefferson, and the Fourth Circuit's decision in Osborne, which facts are very similar to this. In fact, the Osborne case is a Walgreens robbery where they're moved from the pharmacy to the front. Counsel talked about a suggestion that the court's precedent requires the defendant to remain. That's certainly not required by the normal word of abduction or the commentary either. And that would actually be putting a new requirement that's not there. In fact, the Jefferson case, which the Johnson case discusses, was a carjacking where someone was trying to get out the car, got forced back in, and then escaped from the car. So, there's clearly no remaining in place at that point. It's just the remaining is not a requirement. Other cases that we've mentioned, there's several cases that are very similar to this. The we talked from the Third Circuit, the Giancari and the Reynos case that Giancari talks about are situations where cell phone stores or pizza stores were robbed. And in both cases, someone was moved and taken to the bathroom. Very similar. And in these situations, the enhancement applies. Other than that, Your Honor, we've obviously stated the case in the briefs. And if there are any other questions? All right. Thank you, Mr. Wharton. Thank you, Your Honor. Jacobson for rebuttal. So, Mr. Whitman pointed out that facilitation is also present for restraint. That's true. But the difference between the facilitation in the restraint enhancement and the abduction enhancement is that in the restraint enhancement, it is the restraint that facilitates the offense. In the abduction enhancement, it must be the abduction itself that facilitates the offense. And here, that's not the case. The government's argument is that the fact that Mr. Sandsbury walked next to the cashier on the way to the restroom makes this an abduction. And that has to be its argument given this court's decision in Redmond, because otherwise the facts aren't basically identical. And so, if the fact, if this case is an abduction because Mr. Sandsbury walked next to the cashier on the way to the restroom, that fact did not facilitate the offense in any way. What facilitated the offense here was the fact that the cashier was bound and was locked up in the restroom. And those are squarely within the definition of restraint in the guidelines. But you have a two-level increase that turns on your argument. That's correct. And what is that in yours? Sorry, the difference in the guidelines, is that what you're referring to? Yes. So here, that's correct. It's a two-point, as Mr. Whitman said, it's a two-point difference between the abduction and the restraint enhancement. And here, actually, the guidelines range difference would be 97. The correct guidelines range applying the restraint enhancement would be 97 to 121 months. Say what? It would be 97 to 121 months would be the correct guidelines range here. 97 to 121 months. Okay. Yes. And so, in addition, what the government mistakes about this court's case law is that this court has never actually upheld the abduction enhancement in a scenario like this, where the defendant nearly walked next to the victim on the way to locking the victim up. This court has never said that that is abduction. And neither Jefferson nor Osborne, which is a Fourth Circuit case, are that scenario. In Jefferson, the victim was placed into a car, and then the defendant hit the victim, forced them back into the car, and then drove away with them. The victim was able to escape, but she did remain in the car with the defendant. And the defendant intended to abduct her in the most literal sense of the word, take her away from that place. And then in Osborne, again, the facilitation there is clear. The defendant carried the victims to the front of the store at gunpoint and used them as hostages and attempted to take them out of the store, but didn't succeed. There, it is the fact that the defendant was with the victims that whole time that facilitated the offense, because he was using them as hostages to facilitate the robbery. In addition here, what we don't have is a case where, like Smith, like Buck, where the defendant took the victims to, for example, a bank vault, the back of a store, in order to get money, to get merchandise. Where there, the victims remained with the defendants in order to facilitate the robbery by helping the defendants get the money, get the merchandise. And that is completely missing here. What we have here instead is a case that falls squarely within the definition of restraint in the guidelines. And we know that locking someone up, confining them in a room cannot be abduction because the guideline specifically says that locking someone up is restraint. And if the movement, if the minimal movement required to facilitate that restraint, which is almost always going to be the case when someone is quote unquote locked up, it's rarely going to be the case that someone can be locked up in the place that they're standing when the robbery begins, because they're almost always going to be in the lobby of the bank or in front of the store. That's simply just not conducive to being locked up. The victim will have to be moved to be locked up and the guidelines squarely say that locking someone up is a restraint, not an abduction. What is your litmus for going against the sanction? Sorry, your honor? What litmus would you apply to going against the sanction? The sanction, the step-up. You can say this coercive, of course, but the question, we move up to abduction. What do you think the metric ought to be? What do we look for to guide us in the presence of that element or absence of it? Sure, so you look for what we see in all of the sports cases affirming the abduction enhancement. There are a lot of cases I'm asking you to articulate the metric that we're going to apply. Sure, so in those cases the defendant goes with the victim to a different location and remains with them. And the fact of the defendant being with the victim is what facilitates the offense. The fact of that abduction itself, not the mere restraint of the victim. And that is what differentiates the restraint and abduction cases. And that differentiation, that distinction is absolutely necessary. You obviously have, you could see restraint, but the question that you say that there's additional elements that's required that's missing here and you remain with them. Sorry, I see that I'm out of time. May I answer the question? Yes, so the difference is not just being with the victim, but remaining with the victim for some period of time in order to facilitate the offense. And so we would ask the court to vacate the sentence in reverse, the abduction enhancement. Thank you. Thank you, Ms. Jacobson. Your case is under submission.